IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY DERRICKSON | : | CIVIL ACTION |
| v. | : | |
| ROBERT W. MYERS, and THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : | NO. 07-cv-1917 |

**MEMORANDUM RE: DERRICKSON'S OBJECTIONS**

**Baylson, J.**                                                                 **November 29, 2007**

Petitioner, Rodney Derrickson, filed the instant Application for Relief from Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In an Order dated May 29, 2007, this Court denied Petitioner's first claim for relief, but referred his second claim to Chief United States Magistrate Judge Charles B. Smith for consideration on the merits. Chief Magistrate Judge Smith issued a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(c)(1) on August 6, 2007 suggesting that the application be denied. Petitioner has now filed a response listing his objections to the R & R. Upon independent and thorough consideration of the record and all filings in this Court, Petitioner's objections are overruled and the Chief Magistrate Judge's recommendation is accepted.

**I.      Background and Procedural History**

In July 1995, Petitioner was tried before a jury on charges relating to the shooting death of Michael Cassidy in Chester, Pennsylvania. The jury was unable to reach a unanimous verdict and a mistrial was declared. In a second jury trial held in October 1995 in the Delaware County

Court of Common Pleas, Petitioner was convicted of second-degree murder and robbery, for which he was sentenced to mandatory life imprisonment.

Petitioner appealed to the Pennsylvania Superior Court and raised two claims for review: (1) whether insufficient reasons were given by the Commonwealth to explain the removal of an African-American venireperson by peremptory challenge, and (2) whether the trial court erred in permitting the Commonwealth to cross-examine its own witness when there were neither allegations of surprise nor an inconsistency. The Superior Court affirmed the judgment of the lower court. Commonwealth v. Derrickson, 688 A.2d 1226 (Pa. Super. 1996) (Table). Thereafter, the Pennsylvania Supreme court denied Petitioner's request for allowance of an appeal. Commonwealth v. Derrickson, 695 A.2d 783 (Pa. 1997) (Table).

Prior to the disposition of his direct appeal, Petitioner filed his first petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, et seq. Upon appointment of counsel, however, he elected to withdraw his action without prejudice. Following conclusion of his direct appeal proceedings, Petitioner filed an amended PCRA petition, alleging ineffective assistance of counsel for failure to (1) investigate the facts adequately; (2) effectively cross-examine prosecution witness Harris regarding prior inconsistent statements and possible witness tampering; (3) request an instruction of an "incontrovertible physical fact" regarding identification of the firearm; (4) object to the prosecutor's summation; and (5) move to quash the prosecution's amended information, which reinstated the robbery charge dismissed at the preliminary hearing. The trial court denied these claims. On appeal, Petitioner raised claims two, four and five, which the Superior Court rejected. Commonwealth v.

Derrickson, 742 A.2d 202 (Pa. Super 1999) (Table).  The Pennsylvania Supreme Court denied allowance of appeal.  Commonwealth v. Derrickson, 758 A.2d 660 (Pa. 2000) (Table).

Petitioner subsequently filed a federal petition for writ of habeas corpus which raised both exhausted and unexhausted claims.  Derrickson v. Meyers, Civ. A. No. 00-3718 (Weiner, J.).  Petitioner opted to later withdraw his petition so as to exhaust state court remedies on all of his claims.  He then filed a state habeas corpus petition, which the state court treated as a second PCRA petition.  He alleged that his second PCRA counsel was ineffective for failing to raise the issue that first PCRA counsel was ineffective for not filing an amended petition preserving nineteen claims of ineffective assistance of his direct appeal counsel.  The PCRA court dismissed the petition as untimely.  Petitioner appealed, claiming that his state habeas petition should have been treated as an extension of his first PCRA petition rather than as a second PCRA petition.  Nonetheless, the Superior Court denied relief.

Petitioner filed an amended petition for writ of habeas corpus in this court, asserting that direct appeal counsel was ineffective for (1) failing to assert trial counsel's ineffectiveness for not objecting to the reinstatement of the robbery charge; (2) failing to assert trial counsel's ineffectiveness for failing to argue that the evidence was insufficient to support a conviction for second degree murder; (3) failing to assert trial counsel's ineffectiveness for unreasonably advising Derrickson not to testify; (4) failing to assert trial counsel's ineffectiveness for failing to impeach the credibility of Mark Harris with prior inconsistent statements; (5) failing to assert trial counsel's ineffectiveness for failing to cross examine Harris concerning an assault upon him by Commonwealth witness Frank Richardson; (6) failing to assert trial counsel's ineffectiveness for failing to object to the trial court's allegedly inadequate alibi instruction; (7) failing to assert

trial counsel's ineffectiveness for failing to call character witnesses; (8) failing to assert trial counsel's ineffectiveness for failing to object to the prosecutor's summation; (9) failing to assert trial counsel's ineffectiveness for failing to object to Harris' testimony as hearsay; (10) removal of the African-American juror was unconstitutional; (11) failing to assert trial counsel's ineffectiveness for failing to adequately cross-examine Harris regarding coaching of his testimony; (12) failing to assert trial counsel's ineffectiveness for failing to move to transfer the case to juvenile court; (13) failing to assert trial counsel's ineffectiveness for failing to provide adequate advice regarding accepting a plea bargain; (14) failing to assert trial counsel's ineffectiveness for failing to secure the testimony of Steven Kurek; and (15) failing to assert trial counsel's ineffectiveness for failing to request a jury instruction on voluntary manslaughter and incontrovertible physical facts.

The Court concluded that all but claims one, four and eight were procedurally defaulted and there was no resulting fundamental miscarriage of justice. With respect to the three non-defaulted claims, the Court found that the claims were meritless and did not warrant habeas relief. Derrickson v. Meyers, Civ. A. No. 00-3718, 2004 WL 2600673 (E.D.Pa. Nov. 15, 2004). The United States Court of Appeals for the Third Circuit affirmed. Derrickson v. Meyers, No. 04-4497, 2006 WL 1140224, *2-4 (3d Cir. May 1, 2006).

Petitioner then initiated another pre se PCRA action alleging after-discovered exculpatory evidence. The PCRA court determined that the petition was untimely and that the newly-discovered evidence exception did not apply. Following an appeal, the Superior Court affirmed and denied argument in Petitioner's case. Commonwealth v. Derrickson, 923 A.2d 466 (Pa. Super. 2007), reargument denied, (June 13, 2007).

Petitioner filed the instant Application for Relief from Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, raising two claims: (1) ineffective assistance of appellate counsel for failing to raise issues in petitioner's state court appeal related to his allegedly ineffective trial counsel, which this court ultimately found, in Civil Action No. 00-3718, to be procedurally defaulted; (2) fundamental miscarriage of justice when the federal court did not review his Batson issues on the merits based on an incorrect finding of procedural default.  This Court denied Petitioner's first claim for relief, but permitted the second claim to proceed for consideration on the merits, referring it to Chief United States Magistrate Judge Charles E. Smith for report and recommendation.

The Chief Magistrate Judge analyzed Petitioner's claim under the three-prong analysis set forth in Batson v. Kentucky, 476 U.S. 79 (1986).  In reviewing Derrickson's claim under the first prong of the Batson analysis, Chief Magistrate Judge Smith used the non-exhaustive five-factor test set forth by the Court of Appeals for the Third Circuit in Jones v. Ryan, 987 F.2d 960, 971 (3d Cir. 1993).  Chief Magistrate Judge Smith found that Petitioner did not make a prima facie showing of a violation and failed to show any improper motive on the part of the Commonwealth.  The Chief Magistrate Judge further concluded that even if Derrickson could prove a prima facie case, the prosecutor provided a persuasive and plausible explanation for the use of his peremptory challenge, and the state court did not err in finding that the Commonwealth's facially valid explanation for the peremptory challenge was not a mere pretext for discriminatory intent.  Thus, as the Magistrate Court had no basis on which to deem the state court's ruling to be contrary or an unreasonable application of federal law, Chief Magistrate Judge Smith recommended a denial of habeas relief.  (Magis. Ct.)

**II.     Discussion**

Petitioner now objects to Chief Magistrate Judge Smith's R & R. Petitioner argues that before the Chief Magistrate Judge gave his R&R, Petitioner mailed a motion for leave to conduct discovery with respect to the Jones v. Ryan five-factor test. The motion for leave to conduct discovery was filed on August 6, 2007 - the same day that the R & R was filed - and was filed under Civil Action No. 00-3718. The motion was not filed under Petitioner's current civil action number, Civil Action No. 07-CV-1917. Petitioner argues that "discovery is necessary for him to overcome the AEDPA's constraints on factual determination, and that petitioner has tried to obtain the information relative to the five factor test but has had his [discovery] request ignored." Petr.'s Objections, Doc. No. 17.

Unlike the usual civil litigant in federal court, a habeas petitioner "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Under Habeas Corpus Rule 6 governing Section 2254 cases, a petitioner " shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Habeas Corpus Rule 6(a); Bracy, supra, at 904 (emphasis added). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy, supra, at 904 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969).

In Bracy, the petitioner sought to obtain discovery to develop his claim of judicial bias. In that case, the judge in question had been found by the Supreme Court to have been

"thoroughly steeped in corruption." Id. at 909.  There was evidence of the judge taking bribes, offering bribes to other judges, and maintaining relationships with organized crime.  Id.  The United States Supreme Court reversed and remanded the lower court's denial of both petitioner's claim and supplemental discovery motion.  The Court concluded that the petitioner had "support[ed] his discovery request by pointing not only to [the trial judge's] conviction for bribe taking in other cases, but also to additional evidence . . . that lends support to his claim that [the trial judge] was actually biased in petitioner's own case."  Id.  (emphasis omitted).

In the present case, Petitioner seeks discovery to obtain information concerning the five-factor test in Jones v. Ryan, supra.  Specifically, Petitioner seeks the race and ages of all venirepersons in the jury pool, the race and ages of remaining venirepersons after challenges for cause, the race and ages of those venirepersons who ultimately served on the jury, and the race and ages of those venirepersons stricken by the prosecutor and by the defense.

Petitioner has failed to make a sufficient showing of good cause for this Court, in its direction, to grant his motion for leave to conduct discovery.  First, the relevant information he seeks is already part of the record, and the state court made factual findings based on that evidence.  The state trial court found that there were three members of the jury panel who were African-American: Juror #15, Juror #24 and Juror #29.  Juror #15 was excused for cause with the agreement of both Petitioner and the Commonwealth.  The prosecution used a peremptory challenge with respect to Juror #24, which is the challenge that Petitioner alleges is discriminatory.  And Juror #29 was neither challenged nor excused, and ultimately served as the twelfth member of the jury and participated in the verdict.  Trial Ct. Op. (March 1, 1996), pp. 5-6. On appeal, the Superior Court expressly agreed with the trial court's finding of no

discriminatory intent and affirmed the trial court's ruling. Thus, Petitioner needs no discovery on the race of jury panel members, as this information is already available.

Second, any additional information Petitioner seeks is irrelevant. Even assuming arguendo that Petitioner could prove a prima facie case under the first step of Batson using the now sought-after discovery information and the Jones five-factor test, his Batson challenge would fail at the second and third steps. The second step of Batson requires the prosecution to articulate a race-neutral explanation for the use of the peremptory challenge. As Chief Magistrate Judge Smith concluded, the prosecutor articulated such a reason in Petitioner's case: the juror in question was older and seemed bewildered and may have, in light of her age, disapproved of the victim's drug-purchasing activities. The second Batson step is thus satisfied. The third step of Batson asks the trial court to determine whether the state court erred in finding prosecution's facially valid explanation nondiscriminatory, and whether Petitioner pointed to anything to undermine the credibility of the prosecution's explanation. In the present case, the reason offered by the prosecution - lack of attentiveness and age - have been found to be sufficient, nondiscriminatory reasons. See Forrest v. Beloit, 424 F.3d 344, 351 (3d Cir. 2005) (accepting defendant's explanation for excusing a potential juror based on that juror's inattentiveness); United States v. Clemons, 843 F.2d 741, 749 (3d Cir. 1988) (finding that a prosecutor's explanation of excusing potential jurors based on their age complied with the Batson standard). There is nothing to suggest that the prosecution's explanation is not credible.

**III.    Conclusion**

The Court therefore finds that the Chief Magistrate Judge correctly concluded that there was no fundamental miscarriage of justice regarding the prosecutor's peremptory challenge to

remove an African-American venireperson during voir dire. Accordingly, for the reasons stated by the Chief Magistrate Judge, and based on the foregoing discussion, the Petition for Writ of Habeas Corpus will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY DERRICKSON | : | CIVIL ACTION |
| v. | : | |
| ROBERT W. MYERS, and THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : | NO. 07-cv-1917 |

**ORDER**

AND NOW, this 29th day of November, 2007, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief United States Magistrate Judge Charles B. Smith and Petitioner Rodney Derrickson's Objections, it is hereby ORDERED that:

1. Petitioner's Objections (Doc. No. 17) are OVERRULED.

2. The Report and Recommendation (Doc No. 13) is APPROVED and ADOPTED.

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2554, is DENIED.

4. There is no probable cause to issue a certificate of appealability.

5. Petitioner's Motion to Amend (Doc. No. 1) and Motion to Alter or Amend Judgment (Doc. No. 4) are DENIED as moot.

Is it so ORDERED. The clerk shall close this case.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-cv-1917 Derrickson v. Myers\07-1917 Derrickson Memo.wpd